IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL L. NOLAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 12-cv-3309 |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant's Motion for Remand (d/e 15) (Motion).[1]  The parties have consented to proceed with this matter before this Court.  <u>Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Order of Reference entered April 11, 2013 (d/e 12)</u>.  For the reasons set forth below, the Motion is ALLOWED.

This is the second time the Defendant Commissioner has asked this Court to remand the Administrative Law Judge's (ALJ) decision on Nelson's application.  Plaintiff Michael L. Nolan first appealed the denial of benefits on November 6, 2008.  <u>Nolan v. Commissioner of Social Security</u>, C.D. Ill.

---

[1]The Court takes judicial notice that Carolyn W. Colvin is Acting Commissioner of Social Security (Commissioner).  She is automatically substituted in as the proper party.  Fed. R. Civ. P. 25(d).

Case No. 08-3255. On October 8, 2009, the Commissioner moved to remand that case for a new hearing. The Commissioner asked the Court to remand so that the ALJ would, among other things, "address the opinion of State reviewing psychologist, Dr. Tin, and consultative examiner, Dr. Froman, and also address Plaintiff's educational level and school record; and, as warranted, obtain vocational expert evidence." Amended Motion to Remand, to Correct Date on Certificate of Service (Case No. 08-3255 d/e 22), at 1. On January 19, 2010, this Court ordered Case No. 08-3255 remanded and ordered the ALJ to, "(1) address (a) the opinion of the State reviewing psychologist, Dr. Tin, (b) the opinion of the consultative examiner, Dr. Froman, and (c) Plaintiff Nolan's education level and school record, including the reference in his school records that he was educable mentally retarded; and (2) if warranted, obtain vocational expert evidence." Opinion entered January 19, 2010 (Case No. 08-3255 d/e 24) (2010 Opinion), at 4.

On remand, the ALJ entered a decision on March 14, 2011, in which he again determined that Nelson was not disabled. Answer to Complaint (d/e 9), attached Certified Record of Proceedings Before the Social Security Administration (R.), at 540-51. On September 22, 2012, the Appeals Council denied review as untimely filed. R. 511.

On November 16, 2012, Nelson filed this appeal. The Commissioner has now again asked for a remand. The Commissioner asks for de novo review on this second remand. The Commissioner, however, states that, "The ALJ will further evaluate the opinions of Drs. Horner, Howard, Froman, and Lin and provide good reasons for the weight accorded to those opinions . . . . The ALJ . . . will give further consideration to Mr. Nolan's school records." Motion, at 1.[2] The Commissioner effectively concedes that the ALJ again erred in his treatment of Dr. Froman's opinion and Nolan's school records, and also failed to comply with this Court's 2010 Opinion which directed him to address those matters. Given that the ALJ failed to address material evidence in both his 2008 and 2012 decisions and also failed to comply with the 2010 Opinion, this Court hereby orders the Commissioner to refer this matter to a different ALJ on this second remand.

The Commissioner should also provide this case with expedited treatment. Nolan filed his application for benefits on September 30, 2005, almost eight years ago. The Commissioner has now conceded that her ALJ made reversible errors twice, in 2008 and 2012. Those errors have

---

[2] The reference to Dr. Lin in the Motion may also be a typographical error. Dr. Howard Tin opined that evidence demonstrates or supports onset of Nolan's mental deficits before age 22. R. 369. If Motion intended to refer to Dr. Tin, then the Commissioner also concedes that the ALJ also failed to comply with the 2010 Opinion's direction with respect to Dr. Tin's opinions.

delayed and denied Nolan a proper adjudication of his case for these eight years.

Nolan asks the Court to order the Commissioner to find him disabled and to award him benefits.  Plaintiff's Response to Defendant's Motion for Remand (d/e 17) (Response), at 1.  The Court appreciates the difficulties and frustrations caused by these delays, but cannot award benefits in this case.  An award of benefits on appeal is appropriate, "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits."  Allord v. Astrue, 631 F.3d 411, 415 (7th Cir. 2011); see Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 355 (7th Cir. 2005) ("When an ALJ's decision is not supported by substantial evidence, . . . a remand for further proceedings is the appropriate remedy unless the evidence before the court compels an award of benefits.").

Factual issues remain in this case.  For example, Nelson admits that his claim for benefits may turn on whether his condition meets or equals the Commissioner's Listing 12.05C for mental retardation.  Plaintiff's Response to Defendant's Motion for Remand (d/e 16), at 2-3.  Listing 12.05C requires, among other things, "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during

the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 42 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05.  Whether the evidence "demonstrates or supports onset of the impairment before age 22," is a factual question. That factual issue, along with any and all other factual issues, must be resolved by the Commissioner in the first instance.  See Allord v. Astrue, 631 F.3d at 415.  Thus, this Court has no authority to award benefits, but must remand to the Commissioner for further proceedings.

WHEREFORE Defendant's Motion for Remand (d/e 15) is ALLOWED.  The decision of the Commissioner is reversed and remanded pursuant to 42 U.S.C. § 405(g) sentence four.  On remand, the Commissioner shall refer this matter to a different Administrative Law Judge who shall review the matter de novo and provide a hearing de novo. The Commissioner should also expedite this matter to the extent possible given the delays caused by the errors committed by the Commissioner's previous Administrative Law Judge.  All pending motions are denied as moot.  THIS CASE IS CLOSED BEFORE THIS COURT.

ENTER:   July 23, 2013

*s/ Byron G. Cudmore*
UNITED STATES MAGISTRATE JUDGE